The second case is Walter Vega v. Fred Kahle and the Honorable Frances Lynn Gerald, Jordan Satterthwaite and Brandon Breslow. It looks like the appellant has reserved five minutes and once you're set up, you may proceed. Cecilia Satterthwaite May it please the Court, good morning. My name is Cecilia Satterthwaite and together with my co-counsel, we represent plaintiff appellant Walter Vega. We are here today because Mr. Vega filed a complaint with the District Court and paid the filing fee, and the District Court acted in a vacuum without any involvement of the defendant or the plaintiff to sua sponte dismiss Mr. Vega's complaint without meaningfully doing it. This is reversible error for two reasons. First, there are procedural safeguards mandated by this Court's precedent that are required when dismissing a fee-paid complaint sua sponte, and second, there is no binding authority from this Court allowing us to sua sponte dismissal for fee-paid complaints on frivolity grounds. You don't think that certain is binding precedent on that point? I mean, we've said three times something directly contrary to what you just said. I'll go through them quickly. In TASO, we said, quote, a District Court must generally provide the plaintiff with notice of intent to dismiss or opportunity to respond. There is an exception to our general rule against dismissal without notice if the complaint is patently frivolous or reversal would be futile. In Byrne, footnote 99, we said, even if the parties did not know that the Court was considering insufficiency, we could still find that the Court properly treated the claims as if a ruling on Rule 2012C motion because reversal of a sua sponte dismissal without notice may not be mandated if amendment of the complaint would be futile or if it would be patently obvious that the plaintiff could not prevail. And then in Sertan, we said that there was an exception to the general requirement when amending the complaint would be futile or when the complaint is patently frivolous. Why is that not the law? If I could take them backwards. Well, start with Sertan. Okay. In Sertan, the Court actually gave that litigant two opportunities to amend and repair the deficiencies in the pleading before it did dismiss the retaliation claim. But don't you have a situation here where Mr. Vega has been repeatedly filing the same claim, and so he is certainly on notice that this is — that these claims are frivolous? This is a fourth 1983 action. Sure. Respectfully, Your Honors, and thank you to Amicus for outlining it, but each time Mr. Vega does make slightly different allegations against slightly different defendants. That's true of an amendment. That's always true of an amendment, right? That's always going to be a little different. Of course. And in this situation, if proper procedures had been followed and Mr. Vega had been given the option to amend, he could have fleshed out two allegations that were actually ignored by the district court in this situation. How? On appendix page 10 and appendix page 13, Mr. Vega does allege that from June 19, 2019 to the current day, which was the date of his complaint, he had been facing harassment from the Sheriff's Department. And so that brings an out of the sexual limitations time bar that the district court passed, and that harassment claim does not depend on the reversal of his conviction. And so if this district court had followed proper procedures, Mr. Vega could have fleshed out those allegations, which were added from the last time he filed his 1983 complaint, or under the line of cases Byrne has entertained, which all stem from Byrne essentially was taking from the First Circuit and acknowledged that caution needs to be  So, relatedly, though, Mr. Vega's complaint was dismissed because it was patently frivolous, but he has not challenged that on appeal, correct? Correct. Or futility. We are not saying that Mr. Vega's complaint did not leave something to be desired. What we're saying is, under this court's binding precedent in Jefferson, proper procedures have to be followed in this situation. I know, but I've just read to you three cases, and Sertain is a holding as far as I'm concerned, because at least with one claim in Sertain, we said that it was frivolous and it couldn't be, it was, amendment would be futile. So we have held that there is allowed sua sponte without notice where a complaint is patently frivolous and where amendment would be futile, have we not? Well, in Sertain, the litigant was given two opportunities to amend. No, the litigant did amend, but the point of the dismissal wasn't based on the earlier amendment. In other words, we would have said, because he already had two opportunities to amend, it's okay to do it here without notice. That's not what we said. What we said was, the general rule is notice, but there's an exception, and the exception applies in that case, where it's patently frivolous or where a further amendment would be futile, right? That case is inapplicable because he was given an opportunity to amend. I know, but you're right that that fact exists. But that doesn't, every fact that exists, like the decision was made on a Tuesday and today is a Monday, so does that change? I mean, there's all sorts of facts that exist. The question is whether it is a material fact for the holding and reasoning of the case. And there, we didn't use that as a basis for a holding or reasoning. What we said simply was that the complaint was frivolous and futile. And as Judge Branch just mentioned to you, there is no appeal on futility or on frivolousness. It's agreed. The only question is procedure. And I just don't see how we haven't held that the procedure that you're advocating for is not necessary or required. Well, this Court has acknowledged twice, in unpublished opinions admittedly, but has acknowledged twice that there is no binding precedent finding this. And so, specifically in Tertain, the claim that was dismissed, because most of the Because they weren't frivolous. Well, the claim that was dismissed as frivolous was the Court specifically noted it is not at all clear that the litigant even alleges a separate retaliation claim under the FMLA apart from her interference claim. We addressed this claim out of an abundance of caution. So that claim, which was found to be patently frivolous, the Court admitted it didn't even know if she was intending to allege it. It was addressed out of an abundance of caution. Similarly, in Tazzo, the Court specifically found that the complaint was not frivolous and only mentioned the I think Tazzo is probably dicta. That portion is dicta. But I think Tertain is not. So let's assume for the moment I don't read Tertain quite as you do. I think it is a holding on that issue. So then you'd have to show an earlier precedent in time. Now, you point to a few, but the problem is those have the same problem that you just pointed out in Tazzo. In those cases, there wasn't a dismissal for frivolousness or for futility. There was a dismissal on the merits or for other reasons. Sure, but in Jefferson, it specifically highlighted the importance of one opportunity to amend, especially given that Federal Rule of Civil Procedure 15A allows an automatic amendment of the complaint to overcome the issue. But here in this case, as we've talked about, he has been filing multiple 1983 actions, and he has been repeatedly informed that his claims are time-barred or barred by HECT. So why in this circumstance is he entitled to notice and an opportunity to be heard? Well, as I mentioned earlier, Your Honor, there are allegations in his complaint that were not analyzed or addressed by the district court. And if proper procedure had been followed, either by notice and an opportunity to amend, or under what amicus asked for, which is to follow other circuits which have a higher standard that this district court must meet, under either situation, that those allegations would be addressed. Can I go back to Jefferson for a second? Sure. So Jefferson, A, the district court dismissed Jefferson, quote, with prejudice on the merits, that's at page 525, and then the court there said, quote, the case, this is describing Jefferson, the case at hand is one of first impression, for neither the 5th nor the 11th Circuit has ruled on a case where the trial court dismissed an action with prejudice because the claim lacked merit. We certainly said other things there, and you point to those other things, and those other things are interesting. But it is not a holding for what the rules are where a claim is frivolous or futile, right? It can't be, right? It makes a strong suggestion that proper procedures must be followed. There's no doubt that's the case, but you agree with me that it can't be a holding on that issue. Agreed, but in Martinez v. Christie Cleaners in 2004, which is a published decision, the court said that if the district court finds the litigant's complaint is frivolous, it should provide the litigant with the opportunity to amend her complaint before dismissing the action. Okay. Martinez is interesting. You're right. The quote you just made is right, although I think you missed a little bit of the quote. But there, that was in the remand instructions. In other words, we didn't set out the rule that if a court is going to, meaning a court in general is going to do this, then it must do this. What we said is in that case, we don't know what happened. So there's two things that could have happened. It could have been done on the financial affidavit, and if that's the case, then do one thing. Or it could have been that this whole thing was frivolous, in which case, do this other thing. But that isn't an instruction that in all cases where it's frivolous, you must do this, right? It's not an instruction for all cases, but it clearly says that the district court, if finds it frivolous, should give an opportunity to amend. But not that district courts must do that if it finds a complaint frivolous. It's only in that case, because we didn't know up front, here's the procedure you should follow. And I guess my question is, could that be a holding that in all cases where there's a frivolous finding, a district court must do X, Y, and Z? Proper procedures should be followed in all cases where a fee-paid litigant, or pro se litigant, files a complaint. Can you answer my question? Is Martina's a holding for that proposition that if a complaint in general is frivolous, then X, Y, and Z must happen? Again, it's a strong suggestion. Okay, so if we just have suggestions on the one hand, and a holding in Sirtan on the other, then aren't we bound by Sirtan? I respectfully disagree with you that Sirtan is a holding on this situation, on finding Mr. Vega's complaint. And again, this court has acknowledged in several unpublished decisions after Sirtan came out, that this court has not held in a published opinion that district courts have the inherent authority to dismiss frivolous fee-paid complaints to a sponsor. That's in Wilkerson v. Georgia. In 2017, Smith v. HSBC Bank said we have no doubt in unpublished cases. There's no doubt in unpublished cases we've said what you've said. There's no doubt about that. Sure, so if this panel acknowledges in unpublished cases, of course, that Sirtan is not a binding holding about fee-paid frivolous complaints, likely because that litigant had multiple opportunities to amend and the claim that was dismissed, the court was not even sure she'd alleged it. In those situations, that holding, Sirtan, would not be binding on Mr. Vega. And so we really are asking this court for clarity. We recognize that the district court in Ailman v. SunTrust Bank in 2018 acknowledged this confusion between the line of cases from Berntazzo and Sirtan versus the Jefferson and Martinez cases. And so we're asking for an on-point published decision from this court on this issue so that we can resolve the confusion in the future. Can I ask you a question? Do you agree or disagree that a district court could have issued an order to show cause asking your client to indicate or respond why the complaint should not be dismissed for violity? We agree that that would be an example of a proper procedure that would allow him notice and an opportunity to respond. So, yes. Thank you. Mr. Breslow? May it please the Court. Brandon Breslow of Kinds Markman and Fellman together with Kristen Norse as court-appointed amicus. This appeal presents the question of whether a district court has the inherent authority to dismiss patently frivolous claims without advance notice to the plaintiff. And we submit that answer is yes. If the Court agrees, it should affirm the judgment below. Now, I want to start very briefly by talking about the fact that as going to Judge Lagoa's last question about the ability to issue an order to show cause as to this. Based on the briefing and the arguments presented today, there seems to be no serious dispute that there is an inherent authority for a district court to dismiss patently frivolous claims whether or not there's a filing fee that's been paid. So, I want to focus the rest of my time on the advance notice issue that's been argued by the parties. And I want to unbox that a little bit because as Judge Luck has pointed out, we do believe that Tazzo sets out a rule here that the Court does not have to give notice when it is dismissing a patently frivolous claim. But, counsel, if we just had Tazzo, Tazzo doesn't seem to be a holding on that issue. I apologize.  Sertain, yes. Sertain does set that holding out. What about the distinguishing factor, though, your opposing counsel has raised? Your opposing counsel has said that it is a material distinguishing fact between that case and this case that there were, in fact, prior amendments. There were, in fact, prior amendments. And where that's the case, that takes it outside of the no notice ever given to opposing counsel or opposing party dismissal right away without any sort of procedure at all. And that's where it's important to trace back the rule, Your Honor, from Sertain. I mean, the reason we start with Tazzo in our briefing and even before that amendment burned is because there is this legal landscape preceding Sertain as to why the Court has the inherent authority to dismiss patently frivolous claims. I understand there was a focus on Sertain in the ability to, or in the actual procedural history of the plaintiff having Is that a material distinguishing fact? We don't believe so, Your Honor. It's not material in the law. It's not material in the facts of that case. If it were material in the facts of that case, then there would have been a futility analysis in that case. And they found that it would have been illegal in case law to say that there would be leave to amend for patently frivolous claims because what is there to amend in a frivolous claim? It has no base in law or fact. And in fact, when you're looking at patently frivolous claims from a historical context, there is no case for controversy. There's no subject matter jurisdiction. Now, that's not the analysis the District Court did here, but it's an important precursor to the cases that ultimately say there is Article III inherent authority for a District Court to dismiss patently frivolous claims. So we don't believe it's a materially distinguishing feature of Certain that sets out the rule as preceded by Tozzo and Byrne. But let me play devil's advocate. So, let's assume that you have a pro se plaintiff who doesn't understand pleading requirements for fraud. Maybe they're making a fraud misrepresentation claim. A District Court judge or a law clerk looks at it and says, this looks patently frivolous and recommends that the District Court judge dismiss as patently frivolous. But, if the plaintiff had been given an opportunity to respond, they could have added additional allegations with regards to the fraud. Your Honor, I have two responses to that. One is that the plaintiff would have the option as discussed in the Link case by the Supreme Court to file a post-judgment motion to have the Court reconsider it based on some sort of misapplication of the law of frivolity. But there's always, as this Court knows, the ability for the plaintiff to bring an appeal saying that it was not frivolous because there were additional allegations that could have been made based on the features of the complaint. I think it would be very case specific as to how that District Court... Right, but I guess my concern is if we're being asked to write an opinion, it seems to me difficult to do this sort of bright line rule when I think the better course would be to issue an order to show cause. I think that the Court can write an opinion as pointed out by the cases in the reply brief that makes it very clear to District Courts that they should consider certain orders to show cause, certain procedural safeguards in these circumstances. We have cases from the Second Circuit that are cited in the briefing that even after Fitzgerald by the Second Circuit which recognizes its inherent authority to dismiss without notice does emphasize how these cases can be difficult or made difficult by a lack of notice but ultimately the outcome here would still be the same because there's no dispute here that these claims were frivolous. There's been no appeal that these claims that the District Court reached the wrong finding as to frivolity or as to the malicious aspect of it because they were successive. He was on notice. He had that notice in this case. So even if the Court were to write an opinion that said we strongly encourage notice we think it is an important feature of our case but it's not implied. Could the distinguishing fact be here that in this case the plaintiff did have notice already that I think that could be the distinguishing factor. Yes, Your Honor. That is certainly a distinguishing factor. So you think that takes this case out of one let's assume this was his first complaint and it was just as frivolous and just as futile as any others because of statute limitations and heck issues. You're saying there that a court cannot exercise its inherent authority to dismiss under those circumstances? I think there it would be very dependent on the claims, Your Honor. The exact same claims we have here with the exact same reasons for the dismissal. Your Honor, I do believe that those could be frivolous as well because the correct frivolity finding could be made because these claims are heck frivolous. In other words, assume everything I just said which is it is just as frivolous as this one is it is just as futile as this one is the only fact is this isn't complaint number four it's complaint number one. You're telling me a court can't exercise its authority? It has to then go through the process of saying tell me why the turd you sent me is not a turd? Not under certain, Your Honor. I think under the court's meaning of certain which is correct there is a rule that allows for that dismissal without notice. And I think that goes back to what you  about her case and controversy and if something is so frivolous it doesn't present her case in controversy then a court may not even have subject matter jurisdiction to act.  That's correct,  And to highlight that point just a little bit because I understand this was not a dismissal based on subject matter jurisdiction that is sort of a renowned feature of the case law on this point about dismissal with frivolity. There are cases that recognize the exact inherent authority for a court to dismiss frivolous claims under its article three power but then there are the cases that are sort of saddled with that the article three question of subject matter jurisdiction and I think both of those can be read sort of in tandem here that there is no nothing that stops the district court from doing what it's doing in fact it probably has an obligation to do that screening it just doesn't need to do that in the typical course of things because usually frankly the pro se filings that come before the court are typically under the uniform of hopper statute and then it goes through the normal process there of screening and then the ones that have the filing fee paid usually there's a summons that's been issued there's a response by a defendant this case just has some unique facts to it that the court screened it really based on the prior my understanding is probably based on its knowledge of the prior frivolous filings Fort Myers district is a small one it's not like it wouldn't have been highlighted for the court that this was something that was going on here how would you respond to counsel's argument that okay up till now his allegations have left a lot to be  but if he had been given the opportunity to amend he has some allegations that bring it outside of the statute of limitations problem that argument hasn't been raised your honor it's been abandoned there's been no argument raised in the initial brief and it's sort of  in the reply in the case law but not outright made it can't even be raised for the first time there that there that's the way this case was teed up to us right yes your honor we agree with that point the court doesn't have any further questions about the existence of this inherent authority or the notice issue we submit that in conclusion this court should confirm a district court's need     counsel seems to concede that some safeguards are required and the scenarios presented to amicus highlight the confusion in this circuit and the need for a bright line rule we of  are asking for a bright line   the law i guess my question is i really try to dig into this because this is my first area in  with this and it seems to me that we've said at least three times what the bright line rule is there's a general rule that notice and opportunity to be heard is required but there's a narrow exception where it's futile or it would be futile to amend and why is that not good enough and i get that there's some unpublished opinions out there that seem to say some other stuff but why is that not good enough to be heard and why is that not good enough to be heard and why is that not good enough to be heard and why is that not good enough to be heard and   that                      is not good enough  be heard    that   enough     why    good enough  be heard and why is that not good     and    not good  to   and why          is that  good       is   good enough    and why is that not good enough to be heard and why is  not good enough to be heard and why   not good enough to be heard and why         is that not good                          enough to be heard and why  that not good enough to be heard and why is that not good enough to be heard and why is that not  enough    and why is that not good enough to be heard and why        heard  why   not                                                         that